UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Cause No. 1:06-cr-0013 (SEB/KPF) |
| | ) | |
| JAMES E. PHILLIPS, | ) | |
| | ) | |
| Defendant. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

This matter is before the undersigned U. S. Magistrate Judge pursuant to the Order entered by the Honorable Sarah Evans Barker, Judge, on July 13, 2011, designating this Magistrate Judge to conduct a hearing on the Petition for Summons or Warrant for Offender Under Supervision filed with the Court on January 14, 2010, and to submit to Judge Barker proposed Findings of Facts and Recommendation for disposition under Title 18 U.S.C. §§3401(i) and 3583(e). All proceedings were held August 17, 2011 in accordance with Rule 32.1 of the *Federal Rules of Criminal Procedure*.[1] Mr. Phillips appeared in person on a Writ of Habeas Corpus Ad Prosequendum with his appointed counsel, William Marsh, the Indiana Federal Community Defender. The government appeared by Matt Rinka, Assistant United States Attorney. U. S. Parole and Probation appeared by Mike Burress, U. S. Parole and Probation officer, who participated in the proceedings.

---

[1] All proceedings are recorded by suitable sound recording equipment unless otherwise noted. *See,* Title 18 U.S.C. §3401(e).

The Court conducted the following procedures in accordance with Rule 32.1(a)(1) *Federal Rules of Criminal Procedure* and Title 18 U.S.C. §3583:

1. Mr. William Marsh, the Indiana Federal Community Defender, was present and appointed by the Court to represent Mr. Phillips in regard to the pending Petition for Revocation of Supervised Release.

2. A copy of the Petition for Revocation of Supervised Release was provided to Mr. Phillips and his counsel who informed the Court that they had read and understood the specifications of violations and waived further reading thereof.

3. Mr. Phillips was advised of his right to a preliminary hearing and its purpose in regard to the alleged specified violations of his supervised release contained in the pending Petition.

4. Mr. Phillips was advised he would have a right to question witnesses against him at the preliminary hearing unless the Court, for good cause shown, found that justice did not require the appearance of a witness or witnesses.

5. Mr. Phillips was advised he had the opportunity to appear at the preliminary hearing and present evidence on his own behalf.

6. That if the preliminary hearing resulted in a finding of probable cause that Mr. Phillips had violated an alleged condition or conditions of his supervised release set forth in the Petition, he would be held for a revocation hearing before the undersigned Magistrate Judge, in accordance with Judge Barker's designation.

7. Mr. Marsh stated that Mr. Phillips would stipulate there is a basis in fact to hold him on the specifications of violations of supervised release set forth in the Petition. Mr. Phillips executed a written waiver of the preliminary hearing, which was accepted by the Court.

8. Mr. Phillips, by counsel, stipulated that he committed specified violation numbered 3, set forth in the Petition for Warrant or Summons for Offender under Supervision, filed with the Court as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **3** | **"The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer."** |
| | On December 2, 2009, IMPD detective interviewed the offender regarding the murder investigation. The offender failed to notify the probation officer of this contact with law enforcement. |

Mr. Phillips denied specified violations numbered 1, 2 and 4 set forth in the Petition for Warrant or Summons for Offender Under Supervision, filed with the Court on January 14, 2010.

The government stated it was ready to proceed with its proof as to violations numbered 1, 2 and 4. The government called Mike Burress, U. S. Parole and Probation officer, who testified as to each violation and identified Government's Exhibit Number 1, which was admitted into evidence without objection by the defendant. Mr. Burress also testified to other facts relevant and material to alleged violations 1, 2 and 4 set forth in the Petition. In summary, the Government's Exhibit 1, which is an Abstract of Judgment for the charges in violations numbered 1 of the Petition to Revoke Supervised Release, sets forth the defendant's conviction for Murder and Possession of a Firearm by a Serious Violent Felon, and sentencing for those offenses on the 21st day of July, 2010, to a total of 61 years imprisonment in the Indiana Department of Correction: 55 years on the Murder charge

and 6 years imprisonment, consecutive to the 55 years on the Possession of a Firearm by a Serious Violent Felon.

Mr. Burress testified that those charges encompass violation number 1 and that violation number 2 arose when the defendant was arrested for the Murder charge and Possession of a Firearm by a Serious Violent Felon on January 5, 2010. At the time of that arrest, as is set forth in violation number 2, Mr. Phillips was found in the possession of a firearm, that is, a Glock Model 23, which was a different weapon than the one that he was convicted of using in the murder for which he was sentenced on July 21, 2010, as set forth above.

After Mr. Burress testified as to the specifications of violation contained in specifications 1, 2 and 4, the government rested, and Mr. Phillips offered no testimony. Both the government and Mr. Phillips rested. The parties submitted the violations to the Court without further argument, and the Court finds the defendant committed those violations not previously admitted as follows:

| Violation Number | Nature of Noncompliance |
|---|---|
| **1** | **"The defendant shall not commit another federal, state or local crime."** |
| | On January 5, 2010, the offender was arrested for Murder, felony, and Unlawful Possession of a Firearm by a Serious Violent Felon, Class B felony, in Marion County, Indiana under cause number 49G02-1001-MF-000653. The case is pending and set for pre-trial conference on March 24, 2010. |
| | According to the Affidavit for Probable Cause, on October 8, 2009, the Indianapolis Metropolitan Police Department (IMPD) was dispatched on a report of a person shot. On arrival, officers found the victim, Lawane Chaney, slumped over in the driver's seat of a Gray 2004 Chevrolet Tahoe with several gunshot wounds. |
| **2** | **"The defendant shall not possess a firearm, ammunition, destructive device, or any other dangerous weapon."** |
| | On January 5, 2010, when the offender was arrested on the warrant under cause 49G02-1001-MF-000653, he was found in possession of |

a firearm, a Glock Model 23.  Furthermore, he has been charged with Unlawful Possession of a Firearm by a Serious Violent Felon in the shooting death of Lawane Chaney, which involved a different firearm.

**4**        **"The defendant shall notify the probation office at least ten days prior to any change in residence or employment."**

On December 1, 2009, IMPD detectives spoke with the offender's mother and step-father at their residence located at 544 N. Oxford, Indianapolis, regarding the offender.  They notified the detectives the offender uses their address for his probation reporting but rarely stays there.  The offender's mother told detectives she keeps a bedroom for the offender in case his probation officer checks on him.  The offender reported this residence as his home address.

Counsel for the parties further stipulated to the following:

1)     Mr. Phillips has a relevant criminal history category of IV, U.S.S.G. §7B1.4(a).

2)     The most serious grade of violation committed by Mr. Phillips constitutes a Grade A violation, pursuant to U.S.S.G. §7B1.1(b).

3)     Pursuant to U.S.S.G. §7B1.4(a) upon revocation of supervised release, the range of imprisonment applicable to Mr. Phillips is 24 months.

4)     The parties did not agree as to the appropriate disposition of the case.

The Court, having heard the arguments and discussions of both parties, and the admissions of the defendant as to specification of alleged violation number 3, and having heard the evidence as to specifications of violations numbered 1, 2 and 4, **NOW FINDS** that the defendant, James E. Phillips, violated all of the specifications of conditions of supervised release as delineated above in the above Petition to Revoke his supervised release.  The defendant's supervised release is therefore **REVOKED** and James E. Phillips is sentenced to the custody of the Attorney General or his

designee for a period of 24 months, to be served consecutively to the state sentence he is now serving, with no supervised release to follow his release from federal custody.[2]

The Magistrate Judge requests that Mike Burress, U. S. Parole and Probation Officer, prepare for submission to the Honorable Sarah Evans Barker, Judge, as soon as practicable, a supervised release revocation judgment, in accordance with these findings of facts, conclusions of law and recommendation.

Counsel for the parties and Mr. Phillips stipulated in open court waiver of the following:

1. Notice of the filing of the Magistrate Judge's Report and Recommendation;

2. Objection to the Report and Recommendation of the undersigned Magistrate Judge pursuant to Title 28 U.S.C. §636(b)(1)(B); Rule 72(b), *Federal Rules of Civil Procedure*, and S.D.Ind.L.R.72.1(d)(2), *Local Rules of the U.S. District Court for the Southern District of Indiana.*

Counsel for the parties and Mr. Phillips entered the above stipulations and waivers after being notified by the undersigned Magistrate Judge that the District Court may refuse to accept the stipulations and waivers and conduct a revocation hearing pursuant to Title 18 U.S.C. §3561 *et seq.* and Rule 32.1 of the *Federal Rules of Criminal Procedure* and may reconsider the Magistrate Judge's Report and Recommendation, including making a *de novo* determination of any portion of the Report or specified proposed findings or recommendation upon which he may reconsider.

---

[2] Because Mr. Phillips is present before this Court pursuant to a Writ of Habeas Corpus Ad Prosequendum, he will be returned to State custody for the remainder of the State sentence he is currently serving. He will serve the federal 24 months recommended sentence herein after service of his current State sentence.

WHEREFORE, the U. S. Magistrate Judge **RECOMMENDS** the Court adopt the above recommendation revoking James E. Phillips's supervised release.

IT IS SO RECOMMENDED this 18th day of August, 2011.

_____
Kennard P. Foster, Magistrate Judge
United States District Court
Southern District of Indiana


Distribution:

Matt Rinka,
Assistant U. S. Attorney
10 West Market Street, Suite 2100
Indianapolis, IN 46204

William Marsh,
Office of Indiana Federal Community Defender
111 Monument Circle, #752
Indianapolis,   IN 46204

U. S. Parole and Probation

U. S. Marshal